# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DOROTHY BOHANON**                                                          **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.: 2:12cv167-JMV**

**HOLLYWOOD CASINO CORPORATION,**
**AND HWCC-TUNICA, INC.,**                                         **DEFENDANT**

## ORDER

This matter is before the court on the amended motion of the plaintiff to deem unanswered requests for admission admitted (#33). Plaintiff served requests for admissions on defendants on May 24, 2013, via United States Mail. Plaintiff did not file a notice of service on the docket and the discovery requests were received by defendants on May 28, 2013. Through an error in time computation, defendants did not serve responses until July 1, 2013, which led to the present motion.

Rule 6(b) of the Federal Rules of Civil Procedure permits a court to enlarge the time in which an act is to be done "on motion made after the time has expired if the party failed to act because of excusable neglect." *Id*. (citing to FED. R. CIV. P. 6(b)(1)(B)). When determining whether a party has shown "excusable neglect," courts consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Ins. Co. of Conn*., 465 F.3d 156, 162 n.8 (5th Cir. 2006).

This Court finds that the tardiness of defendants responses was a result of excusable neglect, and that plaintiff was not prejudiced by the delayed responses. As such, the motion to

deem unanswered requests for admission admitted (#33) is not well taken and shall be DENIED.

SO ORDERED, this the 8th day of July 2013.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE