IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DOROTHY BOHANON**                                                               **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO.: 2:12-cv-167-JMV**

**HWCC-TUNICA, INC.**                                             **DEFENDANT**

## ORDER DENYING MOTION FOR CORRECTION AND CLARIFICATION OF FINAL ORDER

This matter is before the court on plaintiff's motion [66] for correction and clarification of this court's final order [64] on defendant's motion of summary judgment. For the reasons explained below, the motion is not well taken and will be denied.

In the instant motion, plaintiff's counsel asserts plaintiff claimed, inter alia, a "mixed motive" theory of liability, but the undersigned magistrate judge did not provide a specific ruling on this theory when granting summary judgment on plaintiff's Title VII claims. However, as defendant's counsel pointed out in defendant's reply to plaintiff's opposition to the motion for summary judgment, a mixed motive analysis of Title VII liability is only appropriate when the court first concludes a genuine issue of material fact exists on the subject of whether plaintiff has established a prima facie case of Title VII liability. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005); *see also Glascox v. Harris Cnty., Tex.*, 537 Fed. App'x 525, 529 (5th Cir. 2013) (citation omitted). In the instant case, the court expressly found no direct evidence of discrimination and no genuine issue upon which to found a prima facie case.

To the extent plaintiff's counsel suggests in the instant motion this issue was addressed in plaintiff's sur-reply, see Pl.'s Mot. for Correction and Clarification (stating "Plaintiff raised her

mixed motive claims and gave notice thereof in her Response to Defendant's Motion for Summary Judgment and related Sur-Reply."), this suggestion is without merit. While plaintiff reiterated her claim for recovery under a mixed motive analysis in her response to the defendant's motion for summary judgment, her sur-reply (and corrected sur-reply) took no issue with the rule explained by the defendant in its reply to plaintiff's response to the motion for summary judgement – namely, that a mixed motive analysis is inappropriate where there is no prima facie case. Indeed, plaintiff's counsel has *never* offered authority or argument contradicting this established law.[1] Yet by the instant motion, he seeks to advance a position wholly inconsistent therewith.

For the foregoing reasons, the motion for correction and clarification of this court's final order is not well taken.

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for correction and clarification of this court's final order is hereby **DENIED**.

**SO ORDERED**, this the 4th day of March, 2014.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In response to plaintiff's motion for clarification, the defendant again recited the law announced in *Keelan*, making mixed motive analysis inappropriate in the absence of a finding of a prima facie case (or direct evidence of discrimination). The plaintiff again did not take issue with this assertion by way of a reply, though he was given the opportunity to do so.